IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Queen Charlotte Franklin, | : | |
| | : | Case No. 1:25-cv-83 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Ham. County Audit Probation, *et al.*, | : | Recommendation and |
| | : | Dismissing Case with Prejudice |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation issued on March 10, 2025 by Magistrate Judge Karen L. Litkovitz and the Objection thereto filed by Plaintiff Queen Charlotte Franklin on March 19, 2025. (Docs. 5, 6.) Plaintiff filed a Complaint against six purported government entities in Hamilton County, Ohio. (Doc. 4 at PageID 28.) Magistrate Judge Liktovitz recommended that the Court dismiss the Complaint. (Doc. 5 at PageID 39.) Plaintiff then filed an Objection. (Doc. 6.) The Court will review Plaintiff's Objection to the dispositive Report and Recommendation under a *de novo* standard, although a *de novo* review is not strictly necessary in this case.[1]

I.

Plaintiff appears to allege in the Complaint that she has been held in Cincinnati, Ohio courts, that she has been lied to and about, and that she has run from law enforcement. (Doc. 4 at PageID 30.) Magistrate Judge Litkovitz found the allegations to be rambling and difficult to decipher. (Doc. 5 at PageID 35.) She recommended dismissing the Complaint as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.

---

[1] The Court has no duty to review objections under a *de novo* standard when the objections are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Plaintiff's Objection is frivolous and does not specify the basis for the Objection.

1

§ 1915(e)(2)(B). (*Id.* at PageID 25–36.) The Court agrees with her analysis and recommendation.

Unfortunately, Plaintiff's handwritten Objection is equally rambling and difficult to decipher. She appears to make allegations about black magic, a conviction, and having rights taken away in probate court. (Doc. 6 at PageID 42–43.) She does not allege any specific wrongful action taken against her by a specific Defendant. The Court concludes that Plaintiff has not plausibly stated a viable claim in the Complaint that any named Defendant violated her rights. The Complaint must be dismissed.

## II.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 5) and **OVERRULES** the Objection (Doc. 6). The Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint. The Court also **CERTIFIES** that an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3).

Additionally, for the reasons set forth in the Report and Recommendation here and in the Order dated March 31, 2025 in Case No. 1:25-cv-60, the Court **FORMALLY WARNS** Plaintiff that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge